SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
KRISTI L. THOMAS, Cal Bar No. 276511
kthomas@sheppard.com
LYLE CHAN, Cal Bar No. 299037
lychan@sheppard.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant COSTCO
WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY GILLESPIE, an individual,<br><br>            Plaintiff,<br><br>       v.<br><br>COSTCO WHOLESALE CORPORATION, a corporation; and DOES 1-10, inclusive,<br><br>            Defendant. | Case No. 2:26-cv-5894<br><br>[Removed from Superior Court of California, County of Los Angeles, Case No. 26SMCV02398]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[DIVERSITY JURISDICTION]<br><br>*Filed concurrently with Declarations of Kristi L. Thomas and Kristina Jung* |

-1-

TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Costco Wholesale Corporation ("Costco") hereby removes the matter of *Ray Gillespie v. Costco Wholesale Corporation*, a lawsuit pending in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California on the grounds that it is a civil action wherein the amount in controversy exceeds the sum of $75,000 and is between citizens of different states.

In accordance with 28 U.S.C. section 1446(a), the following is a short and plain statement of the grounds for removal of the case and a listing of pleadings to date.

1.      On April 30, 2026, Plaintiff Ray Gillespie ("Plaintiff") filed a Complaint against Defendant Costco Wholesale Corporation in the Superior Court of the State of California, County of Los Angeles (the "Action").  A copy of the Complaint is attached as **Exhibit 1** to the Declaration of Kristi L. Thomas ("Thomas Decl.").

2.      On May 7, 2026, Plaintiff served Costco with a Summons and Complaint ("Compl."), among other documents.

3.      On May 29, 2026, Costco filed its Answer to Plaintiff's Complaint.  A copy of Costco's Answer is attached as **Exhibit 2** to the Thomas Decl.

4.      Attached as **Exhibit 3** to the Thomas Decl. is a list of all the documents filed with the Superior Court pertaining to this matter.

5.      Attached as **Exhibit 4** to the Thomas Decl. are copies of all of the documents listed as part of the Superior Court's file as set forth in Exhibit 3, in the order they were filed, except for the Complaint and Costco's Answer, which are attached to the Declaration of Kristi L. Thomas separately as Exhibits 1 and 2.

6.      The United States District Court for the Central District of California encompasses Los Angeles, the county in which this Action is brought.  Therefore, this Court is a proper venue for this Action per 28 U.S.C. sections 84(c)(2) and 1441(a).

-2-

7.  **Timely Filing of Notice**. Costco filed this Notice pursuant to 28 U.S.C. § 1446(b) in a timely fashion, as it was filed within one year of the commencement of the Action and within 30 days of service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

8.  **Joinder**. Costco is not aware of any other legitimate defendant that exists, who has been specifically named in the Complaint, or who has been served with a summons and the Complaint. *See* Thomas Decl., ¶ 6. Thus, there are no other defendants to join or consent in the removal of this action. *See* 28 U.S.C. § 1441(b).

9.  **Diversity Jurisdiction**. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441(a) in that:

   a.    "A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); *see* 28 U.S.C. § 1441(a). This Court has original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between citizens of different states. 28 U.S.C. § 1332(a). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

   b.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994). Plaintiff alleges he is a citizen of the State of California. *See* Compl. ¶ 2.

   c.    Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Costco was, at the time of the filing of this action, and still is, a citizen of the State of Washington, where it has its principal place of business and where it is incorporated. *See* Thomas Decl. ¶ 8, Ex. 5; Declaration of Kristina Jung

¶ 2.  Costco's corporate headquarters are located in Issaquah, Washington.  *See* [NAME] Decl. ¶ 2.  Costco's corporate policies and procedures are formulated in its executive and administrative headquarters, which are located in Issaquah, Washington.  *Id*.  The "nerve center" of Costco is therefore found in Washington, not California.  *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010) ("the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'").

d.  The citizenship of defendants sued under fictitious names is disregarded for purposes of removal and cannot destroy the diversity of citizenship between the parties in this action.  *See* 28 U.S.C. § 1441(b); *McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987); *Fristoe v. Reynolds Metals Co*., 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris, Inc*., 311 F.3d 966, 971 (9th Cir. 2002) (citizenship of fictitious defendants disregarded for removal).

e.  Although Plaintiff does not pray for a specific dollar amount, he pleads causes of action for (1) gender discrimination; (2) age discrimination; (3) disability discrimination; (4) failure to accommodate; (5) failure to engage in a good faith interactive process; (6) whistleblower retaliation pursuant to California Labor Code § 1102.5; (7) failure to prevent discrimination; (8) unpaid rest period premiums; and (9) violation of California Business & Professions Code § 17200, *et seq*.  Assuming that Plaintiff's suit is fully successful, the amount in controversy requirement is clearly met.  *See Chavez v. JPMorgan Chase & Co*., 888 F.3d 413 (9th Cir. 2018) (holding that "the amount in controversy is not limited to damages incurred prior to removal . . . . Rather, the amount in controversy . . . encompasses all relief a court may grant . . . if the plaintiff is victorious"); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018) ("Because the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be

-4-

included in the amount in controversy.").

f. Specifically, Plaintiff prays for the following:

(1) Compensation for Emotional Distress. Compl. ¶¶ 19, 26, 35, 39, 43, and Prayer for Relief; *see* Cal. Gov. Code § 12970 (emotional distress damages recoverable under FEHA). A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033-34 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in employment cases that adjudicate similar claims of discrimination, retaliation, and wrongful termination. *See, e.g., Wang v. Reese Scientific Corp.*, San Francisco Sup. Ct. Case No. CGC-13-528233, JVR No. 1502190016, 2014 WL 8108412 (June 9, 2014) (awarding plaintiff *$166,302* for emotional distress damages on claims including discrimination); *Stallworth v. City of Los Angeles*, Los Angeles Sup. Ct. Case No. BC341480, 2009 WL 5248468 (July 24, 2009) (awarding *$100,000* in emotional distress damages on discrimination and retaliation claims); *Roby v. McKesson*, 47 Cal. 4th 686, 699 (2009) (awarding a single plaintiff *$1,600,000* in non-economic damages for three separate counts of wrongful termination (later reduced by stipulation to $800,000). Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff will seek, and the jury may award, in excess of $75,000 for emotional distress damages. In light of Plaintiff's allegation that he "has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish," Costco conservatively estimates a potential recovery of $75,000 for emotional distress damages for purposes of this notice. (Compl. ¶¶ 19, 26, 39, 43.)

(2) Punitive Damages. Compl. ¶ 45 and Prayer for Relief; *see Weeks v. Baker & McKenzie*, 63 Cal.App.4th 1128, 1147-1148 (1998) (punitive damages recoverable under FEHA actions). "Punitive damages may be considered in determining the amount in controversy if they are recoverable as a matter of state law." *Campbell v. Hartford Life Ins. Co.*, 825 F.Supp.2d 1005, 1008 (E.D. Cal.

-5-

2011) (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)). FEHA itself does not place a statutory limit on the amount of punitive damages. *See* Cal. Gov. Code § 12965 (omitting any ceiling on the amount of punitive damages that may be awarded). However, punitive damages must bear a "reasonable relationship" to compensatory damages. *Swinton v. Potomac Corp.*, 270 F.3d 794, 818 (9th Cir. 2001) (citing *BMW of N. Am. v. Gore*, 517 U.S. 559, 580 (1996)). "It appears that much of the case law scrutinizes much higher ratios than 1:1, so [a] 1:1 ratio appears to be conservative and appropriate." *Washington v. Target Corp.*, 2023 WL 7491850, at *7 (C.D. Cal. Nov. 9, 2023) (citing *Gore*, 517 U.S. at 583 (refusing to draw a mathematical bright line between constitutionally acceptable and unacceptable calculations)). Applying this 1:1 ratio here, Plaintiff would potentially be entitled to <u>at least $75,000</u> (the amount calculated above for conservative emotional distress damages).

(3)    <u>Attorneys' Fees</u>. Compl. ¶¶ 20, 27, 39, 44, and Prayer for Relief; *see* Cal. Gov. Code § 12965(b) (authorizing courts to award attorneys' fees in FEHA actions). Under Ninth Circuit precedent, a plaintiff's claim for attorneys' fees must be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018) ("Because the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). To determine the amount of attorneys' fees that should be included in the amount in controversy, courts consider a "reasonable estimate of [authorized] attorneys' fees likely to be expended." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010). This estimate includes "future attorneys' fees recoverable by statute or contract." *Fritsch*, 899 F.3d at 794. However, estimates of attorneys' fees for the purposes of assessing the amount in controversy should be conservative. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). District Courts

-6-

in California have often found 100 hours to be a reasonable estimate in wage and hour cases. *See Ott v. Cooper Interconnect, Inc.*, 2023 WL 5530028, at *4 (C.D. Cal. Aug. 25, 2023) (finding defendants met the amount in controversy by applying the "appropriately conservative estimate of 100 hours" to the plaintiff's claims); *Garcia v. Commonwealth Financial Network*, 2020 WL 6886267, at *8 (S.D. Cal. Nov. 24, 2020) (finding 100 hours of work was an appropriately conservative estimate of time spent to litigate the case through trial); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F.Supp.3d 1140, 1148 (E.D. Cal. 2018) (finding the same); *Avila v. Kiewit Corp.*, 2019 WL 4729641, *6 (C.D. Cal. Sept. 26, 2019) ("100 hours and an hourly rate of $300 is an appropriate and conservative estimate for employment cases"); *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015) (opining that a reasonable number of hours would be at least 100 to 300 hours at a rate of $300 per hour). Thus, Plaintiff would potentially be entitled to at least $30,000 (taking the very conservative approach of 100 hours at $300 per hour).

g.   In sum, even with the *most* conservative estimates, Costco calculates that Plaintiff has put at least $180,000 into controversy in this action. That amount far exceeds the $75,000 threshold, satisfying this removal requirement.

| | |
|---|---|
| Compensation for Mental & Emotional Distress | $75,000 |
| Punitive Damages | $75,000 |
| Attorneys' Fees | $30,000 |
| **Total** | **$180,000** |

h.   Costco's counsel has defended numerous claims for alleged wage and hour violations (including rest break violations) as well as discrimination, harassment, accommodation/interactive process, and retaliation claims against corporate employers, among many other types of claims. *See* Thomas Decl. ¶¶ 7-8. Based on that experience, discovery and settlement discussions consistently reveal that a typical claim in an action such as this regularly exceeds $75,000, especially when the plaintiff has a right to recover attorneys' fees. *See id.*

i.     Based on both Plaintiff's demanded relief in the Complaint and Costco's counsel's previous experience, Costco is informed and believes that the amount in controversy readily exceeds $75,000. *See id.*; s*ee also White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees" demonstrated that the amount in controversy exceeded $75,000").

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed with the Clerk of the Superior Court in the State Court Action. In addition, Plaintiff has been served with this Notice of Removal, and the additional supporting pleadings, as reflected in the concurrently filed Certificate of Service.

## CONCLUSION

WHEREFORE, having provided notice as is required by law, Costco respectfully removes this action from the Superior Court of California, Los Angeles County, to the United States District Court for the Central District of California for the reasons set forth above.

Dated:  June 1, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     _____*/s/ Kristi L. Thomas*_____
　　　　KRISTI L. THOMAS
　　　　LYLE CHAN

Attorneys for Defendant COSTCO WHOLESALE CORPORATION

-8-